Filed 8/25/15  P. v. Parish CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B262517 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA026231) |
| v. | |
| MICHAEL JAMES PARISH, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Teri Schwartz, Judge.  Affirmed.

Daniel Milchiker, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Michael James Parish appeals from an order denying his petition for a recall of sentence after the trial court sentenced him to prison for 25 years to life plus three years, following his conviction by jury of attempted second degree robbery, having suffered two prior felony convictions and four prior prison terms. (Pen. Code, §§ 1170.18, subd. (a), 664, 211, 667, subd. (d), 667.5, subd. (b).) We affirm the order denying appellant's petition for a recall of sentence.

### FACTUAL AND PROCEDURAL SUMMARY

On June 21, 1996, a jury convicted appellant as previously indicated.[1] On July 26, 1996, the trial court imposed the above sentence, including a prison term of 25 years to life pursuant to the "Three Strikes" law for attempted second degree robbery.

On January 26, 2015, appellant, in pro per, filed in the present case (superior court case No. GA026231) a petition for a recall of sentence pursuant to Penal Code section 1170.18, subdivision (a).[2] However, the preprinted form used by appellant did not allege appellant was "currently serving a sentence" (Pen. Code, § 1170.18, subd. (a)) for attempted second degree robbery. The form failed to distinguish clearly between (1) a conviction for which a defendant was "currently serving a sentence" (Pen. Code, § 1170.18, subd. (a)) and (2) other prior convictions.[3] The result was the form, as completed by appellant, conflated these two categories, and thus erroneously suggested he was "currently serving a sentence" (Pen. Code, § 1170.18, subd. (a)) for felonies that

---

[1] A detailed recitation of the facts of the present offense is unnecessary. It is sufficient to note that in 1995, appellant committed attempted second degree robbery.

[2] Penal Code section 1170.18, subdivision (a) states, "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

[3] The preprinted form does not state it is approved by the Judicial Council.

2

in fact underlay other prior convictions, and erroneously suggested he was not "currently serving a sentence" (Pen. Code, § 1170.18, subd. (a)) for attempted second degree robbery.

In particular, as relevant here, the form completed by appellant erroneously suggested the convictions for which he was "currently serving a sentence" (Pen. Code, § 1170.18, subd. (a)) were convictions for (1) a violation of Health and Safety Code section 11350, (2) a violation of Health and Safety Code section 11357, subdivision (a), and (3) two violations of "Penal Code section 459 (burglary) for entering an open commercial establishment with intent to commit larceny, in which the value of the property taken or intended to be taken did not exceed $950." (*Sic.*)[4] On the other hand, in a supporting declaration, appellant stated, "I have also been convicted of the following other 'felonies' " and listed among them his conviction for "attmpt 2nd degree robb. Date 06/21/96." (Some capitalization omitted.)

On February 4, 2015, the trial court denied the petition for the reason "[d]efendant was convicted of attempted robbery." On March 5, 2015, appellant filed a notice of appeal.

---

[4] The form did not allege when appellant committed, or was convicted of, either of the two alleged Health and Safety Code section violations, nor did appellant provide supporting documentation he was ever charged with, or convicted of, either of them. As indicated, the petition alleged two violations of "Penal Code section 459 (burglary)," but the language accompanying that allegation suggested violations, not of Penal Code section 459, but of Penal Code section 459.5, subdivision (a). Penal Code section 459.5, subdivision (a) proscribes "shoplifting," which "is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." The petition demonstrates appellant suffered two *1986 burglary* convictions (case No. A536533), but those served as his strikes, and one of the two 1986 burglary convictions also served as the basis for one of his Penal Code section 667.5, subdivision (b) prior prison term enhancements in the present case.

3

## CONTENTIONS

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record.

By notice filed June 12, 2015, the clerk of this court advised appellant to submit within 30 days any contentions, grounds of appeal, or arguments he wished this court to consider. No response has been received to date.

## REVIEW ON APPEAL

" 'On November 4, 2014, the voters enacted Proposition 47, "the Safe Neighborhoods and Schools Act" (hereafter Proposition 47), which went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).)" (*T. W. v. Superior Court* (2015) 236 Cal.App.4th 646, 649, fn. 2 (*T. W.*).) "Section 1170.18 'was enacted as part of Proposition 47.' " (*Ibid.*) "Section 1170.18 provides a mechanism by which a person currently serving a felony sentence for an offense *that is now a misdemeanor*, may petition for a recall of that sentence and request resentencing in accordance with the *offense statutes as added or amended by Proposition 47*. ([Pen. Code] § 1170.18, subd. (a).) A person who satisfies the criteria in subdivision (a) of section 1170.18, shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (*Id.*, subd. (b).)" (*T. W., supra,* 236 Cal.App.4th at p. 649, fn. 2, italics added.) "The initiative [Proposition 47] . . . added sections 459.5, 490.2 and 1170.18 to the Penal Code; amended sections 473, 476a, 496 and 666 of the Penal Code; and amended Health and Safety Code sections 11350, 11357 and 11377." (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308.)

Appellant's petition and supporting documentation demonstrate appellant was, within the meaning of Penal Code section 1170.18, subdivision (a), "currently serving a sentence for a conviction" of the felony of attempted second degree robbery. Attempted second degree robbery (Pen. Code, §§ 664, 211) is not a crime listed in Penal Code

4

section 1170.18, subdivision (a), nor was Penal Code section 664 or section 211 added or amended by Proposition 47. It is thus not true that "[a] person currently serving a sentence for a conviction . . . of a felony [of attempted second degree robbery] . . . would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense." (Pen. Code, § 1170.18, subd. (a).) Proposition 47 left the offense of attempted second degree robbery unchanged, and that offense is a felony. (Pen. Code, §§ 17, subd. (a), 664, 211, 213, subd. (b).) As appellant observes, the trial court "found that Mr. Parish was ineligible for resentencing as Proposition 47 did not change the punishment for commission of an attempted robbery." The trial court properly denied appellant's Penal Code section 1170.18 petition for a recall of sentence.

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

### *DISPOSITION*

The order denying appellant's petition for a recall of sentence is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


KITCHING, J.

We concur:


EDMON, P. J.



JONES, J.[*]

_____

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.