Filed 9/4/15  P. v. Morales CA3

**NOT TO BE PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# THIRD APPELLATE DISTRICT

## (San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C078663 |
| Plaintiff and Respondent, | (Super. Ct. No. SF126341A) |
| v. | |
| JOHN MORALES, | |
| Defendant and Appellant. | |

Defendant John Morales appeals from the trial court's order denying his petition for resentencing pursuant to Penal Code section 1170.18[1] because resentencing would invalidate his plea agreement.  He contends the court erred in denying the petition on this ground, and asks us to remand with directions to grant his petition.  We shall reverse and remand for additional proceedings on defendant's petition.

---

[1] Undesignated statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts are taken from the factual basis of defendant's no contest plea.

On December 9, 2013, defendant entered a Sears store in Stockton and took 11 pairs of jeans and left them in the dressing room. Defendant returned to his car; another person exited the car, entered the store, and went to the dressing room. The person put the jeans in a plastic bag, left without paying, went to the car, and drove off. Defendant was captured sending the other person to the dressing room.

Defendant was charged with second degree robbery (§ 211) and petty theft with a prior (§ 666), along with three prior prison term allegations (§ 667.5, subd. (b)). Defendant pleaded guilty to second degree burglary (§ 459) with a stipulated term of three years in county jail; the remaining count and the enhancements were dismissed as part of the plea. The trial court imposed the stipulated term.

Defendant subsequently filed a section 1170.18 petition for resentencing, asking for the recall of his felony sentence for second degree burglary and that he be resentenced to a misdemeanor under subdivisions (b) and (d) of section 1170.18. The prosecution's opposition argued that resentencing would violate the terms of the plea agreement and asked the court to deny the petition or to give defendant the option of pleading guilty to another nonstrike felony with a maximum term of three years while vacating the original plea.

The trial court said that it would deny the motion but that defendant had the right to withdraw the plea and reinstate the charges. Defendant declined to withdraw the plea and the trial court denied his petition for resentencing.

## DISCUSSION

Defendant contends the trial court's decision to deny his resentencing petition was erroneous, and asks us to remand with directions to grant his petition. We agree with the first contention but disagree with the second.

Section 1170.18, subdivision (a) provides: "A person currently serving a sentence for a conviction, *whether by trial or plea*, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . ." (Italics added.)

Section 1170.18 was enacted as part of Proposition 47, which reduced many crimes from felony to misdemeanor. As pertinent to this case, Proposition 47 added section 459.5, which establishes the offense of shoplifting, a misdemeanor, which applies to any theft from a commercial establishment "where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a); *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) This crime displaces the crime of burglary for those thefts within the $950 amount specified in the statute. (§ 459.5, subd. (b).)

A case essentially the same as this was addressed by the Court of Appeal, First Appellate District, Division One, in *T.W. v. Superior Court* (2015) 236 Cal.App.4th 646 (*T.W.*). In *T.W.*, a supplemental delinquency petition was filed alleging the minor committed robbery and received stolen property. (*Id.* at p. 649.) The minor admitted to the receiving allegation and the robbery allegation was dismissed. (*Ibid*.) The minor subsequently filed a petition for modification (Welf. & Inst. Code, § 778) seeking a modification of his felony conviction for receiving stolen property to a misdemeanor, as,

3

following Proposition 47, the crime of receiving stolen property is a misdemeanor unless the value of the property exceeds $950. (*T.W.*, at pp. 649-650.)

The juvenile court denied the petition because the plea agreement precluded Proposition 47 resentencing. (*T.W.*, *supra*, 236 Cal.App.4th at pp. 650-651.) The Court of Appeal found "by its plain language section 1170.18 applies to convictions by trial or plea, and thus the trial court erred by engrafting a plea agreement disqualifier into the statute." (*T.W.*, at pp. 651-652.) The *T.W.* court noted that, in addition to the unambiguous language of section 1170.18 applying resentencing to a defendant convicted by a plea, Proposition 47 " 'was intended to reduce penalties for "certain nonserious and nonviolent property and drug offenses from wobblers or felonies to misdemeanors." ' " (*T.W.*, at p. 652.) In light of the statutory language and the intent of Proposition 47, an eligible defendant was entitled to resentencing even where the conviction (or delinquency finding) was obtained pursuant to a plea agreement. (*T.W.*, at pp. 652-653.)

The Attorney General argues that the plea agreement precludes resentencing, but if Proposition 47 does apply here, then the parties should be restored to their respective positions before the plea agreement, except that defendant would be subject to no greater penalty than the original stipulated three-year term. The Attorney General supports the first contention with cases holding that the parties are bound to the terms of a plea agreement (*People v. Segura* (2008) 44 Cal.4th 921, 930-931), which cannot be modified without both parties' consent (*People v. Martin* (2010) 51 Cal.4th 75, 80). The second contention is supported by *People v. Collins* (1978) 21 Cal.3d 208. In *Collins*, the defendant was charged with 15 counts; he pleaded to one with the remaining counts dismissed. (*Id*. at p. 211.) The Supreme Court reversed the conviction, holding that the one count to which the defendant pleaded was no longer a crime when the trial court imposed sentence. (*Id*. at pp. 211, 213.) The Supreme Court additionally held that

4

"[w]hen a defendant gains total relief from his vulnerability to sentence," remanding to allow the People to revive the previously dismissed counts is appropriate. (*Id*. at p. 215.) However, the Supreme Court also found that the defendant could not be exposed to a term longer than that provided by the plea agreement. (*Id*. at pp. 216-217.)

We are not convinced by either argument. While parties cannot unilaterally alter the terms of a plea agreement, changes in the law can. "[T]he general rule in California is that the plea agreement will be ' "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. . . ." ' [Citation.] That the parties enter into a plea agreement thus does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them." (*Doe v. Harris* (2013) 57 Cal.4th 64, 66.) There is no evidence that the parties intended to insulate the plea agreement here from changes in the law that benefitted one party. The plea agreement here therefore does not preclude section 1170.18 resentencing.

*Collins* applies only to changes in the law that totally invalidate a plea by removing the defendant from any penal consequence. While Proposition 47 reduces defendant's criminal liability, it does not eliminate it, as defendant remains convicted of a misdemeanor.

Since there is no plea agreement exception to section 1170.18, the trial court's decision is erroneous and must be reversed. The trial court did not address whether the petition should be denied because resentencing defendant would pose an unreasonable risk of danger to public safety (§ 1170.18, subd. (b)), so we shall remand for additional proceedings on the petition.

5

**DISPOSITION**

The trial court's order denying defendant's petition for resentencing is reversed and the case is remanded for additional proceedings on the petition consistent with this opinion.

                                                                _____BUTZ_____, J.

We concur:

_____ROBIE_____, Acting P. J.

_____HOCH_____, J.