Filed 4/21/15  Certified for publication 5/6/15 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| T.W.,<br><br>     Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF CONTRA COSTA COUNTY,<br><br>     Respondent;<br><br>THE PEOPLE,<br><br>     Real Party in Interest. | A144528<br><br>(Contra Costa County<br>Super. Ct. No. J12-00850) |

In this mandamus proceeding, petitioner T.W. seeks a writ compelling respondent superior court to vacate its order denying his petition for modification, filed pursuant to Welfare and Institutions Code section 778, and under authority of Penal Code section 1170.18.[1]  Our review of the parties' briefs and the record lead us to conclude T.W. is entitled to writ relief.  Thus, in accordance with our notification to the parties we might do so, we order issuance of a writ directing respondent court to vacate its order denying T.W.'s petition for recall of sentence.  (Code Civ. Proc., § 1088; *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177–180; *Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1239–1241.)  However, because respondent court did not reach the issue of whether T.W. would pose

---

[1]  Further statutory references are to the Penal Code unless otherwise specified.

an unreasonable risk of danger to public safety (see § 1170.18, subd. (b)), the matter is remanded for the court to make that determination.

## I. BACKGROUND

T.W. was made a ward of the juvenile court pursuant to Welfare and Institutions Code section 602 in July 2010. A supplemental petition was filed by the Alameda County District Attorney's Office on July 23, 2013, alleging felony violations of Penal Code section 211, robbery, and section 496, receiving stolen property. In the underlying incident, T.W. robbed the victim of her purse and contents and was found in possession of a stolen ATM card and cell phone. On July 30, 2013, the Alameda County Superior Court held a pretrial hearing on the petition. The minute order of the hearing reflects T.W. was in custody and was advised of his constitutional rights. The minute order states as follows: "The minor has waived [his] right to a trial, to remain silent, to confront and cross-examine witnesses, to subpoena witnesses ([Welf. & Inst. Code, § 702.5]); understands the nature of the conduct alleged in the petition and the possible consequences of an admission; the admission is made freely and voluntarily. There is a factual basis for the admission. [¶] The minor is a person described by Section 602 of the Welfare and Institutions Code. [¶] Pursuant to the minor's admission: [¶] Count 1 ([Pen. Code, §] 211) (F) Dismissed on motion of DA with facts and restitution open on 07/30/2013 [¶] Count 2 ([Pen. Code, §] 496) (F) True as admitted on 07/30/2013 [¶] Admission is with counsel's consent." Thereafter, the court transferred the matter to Contra Costa Superior Court for disposition because T.W.'s legal residence was that of his mother, who resided in Contra Costa County.

Subsequently, in November 2014, T.W. filed a petition for modification, pursuant to Welfare and Institutions Code section 778, based on voter initiative Proposition 47 that passed on November 5, 2014.[2] The petition notes T.W.'s maximum term of confinement

---

[2] "On November 4, 2014, the voters enacted Proposition 47, 'the Safe Neighborhoods and Schools Act' (hereafter Proposition 47), which went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).)" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Section 1170.18 "was enacted as part of Proposition 47."

was set at three years four months after he admitted he took a woman's purse and its contents with a total value of under $950. The petition states: "Pursuant to Proposition 47, a violation of Penal Code 496 and possessed property valued at less than $950 [*sic*] is now a misdemeanor and carries a maximum confinement term of 12 months. Petitioner requests that his maximum term of confinement be modified to 16 months . . . . [¶] . . . [¶] . . . [and] that he be released from custody immediately" because he had already been detained for over two years.

In his opposition brief, the Contra Costa County District Attorney conceded Proposition 47 applies to juvenile delinquents but argued because T.W. posed an unreasonable risk of danger to public safety, resentencing was not appropriate and the petition should be denied. In a supplemental rebuttal brief, the district attorney also argued Proposition 47's "retroactive resentencing provision" does not apply to negotiated dispositions. After calling for further briefing on the latter argument raised by the district attorney, the court held a hearing on December 16, 2014. At the hearing, the court ruled Proposition 47 applies to juvenile cases because under Welfare and Institutions Code section 726, a juvenile cannot be held in confinement for longer than the maximum term applicable to an adult. The court stated for purposes of applying Penal Code section 1170.18, the key issue was "whether there is an implication that the core issue in the plea agreement was intended to not be affected by further changes in the law. . . . [¶] . . . [i.e.] whether or not . . . there was a plea bargain for the specific charges and the . . . maximum commitment time." The court continued: "Let's be clear. If it was not a plea bargain, Prop 47 applies. . . . [¶] . . . [¶] I believe I can transfer this case to Alameda

_____

(*Rivera*, at p. 1089.) Section 1170.18 provides a mechanism by which a person currently serving a felony sentence for an offense that is now a misdemeanor, may petition for a recall of that sentence and request resentencing in accordance with the offense statutes as added or amended by Proposition 47. (§ 1170.18, subd. (a).) A person who satisfies the criteria in subdivision (a) of section 1170.18, shall have his or her sentence recalled and be "resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (*Id.*, subd. (b).)

County for the express purpose of having the Alameda County court determine whether their agreed-upon plea . . . was a plea bargain . . . ." On December 16, 2014, the court transferred the case to Alameda County Superior Court "for determination of the Prop. 47 petition."

After Alameda County Superior Court transferred the case back without taking any action on the Proposition 47 petition, Contra Costa County Superior Court set a further hearing on January 13, 2015, to resolve T.W.'s still-pending Proposition 47 petition. At the hearing, counsel for T.W. argued that since Alameda County Superior Court declined to act on the Proposition 47 petition "[w]e don't know" if T.W. entered a plea bargain, and accordingly the court should grant the Proposition 47 petition. The district attorney, on the other hand, argued that the language of the minute order of the plea hearing entered in Alameda County Superior Court on July 30, 2013, clearly demonstrated the plea was indeed a "negotiated disposition."

Thereafter, the juvenile court denied the modification petition. The court stated: "If it is a negotiated plea bargain where in exchange for a reduced charge to which the minor enters a plea, a non-Prop 47 count is reduced and the court accepts that agreement, then in my opinion . . . that's not a Prop 47 eligible reduction. . . . [¶] In this particular case, . . . . given that it was, by the minute order, a dismissal of one count for a plea to another and the showing that restitution was left open on the dismissed count, that's a sufficient indicia of a plea bargain that somebody would have to bring a transcript in to show that it wasn't. [¶] So I'm going to find that the Prop 47 petition is denied." On March 6, 2015, T.W. filed a notice of appeal of the court's denial of his petition under section 1170.18.[3]

---

[3] The notice of appeal was received in this court on March 17, 2015, and assigned case No. A144530 in *People v. T.W.* The filing of the notice of appeal transferred jurisdiction over the matter to this court. (See *People v. Saunoa* (2006) 139 Cal.App.4th 870, 872 [filing of a valid notice of appeal transfers jurisdiction of a cause to the appellate court].) On April 15, 2015, we issued an order notifying the parties we were prepared to issue a peremptory writ in the first instance in this matter after jurisdiction was transferred back from this court to Contra Costa Superior Court. After

4

T.W. subsequently filed this writ petition on March 16, 2015, contending the remedy of appeal is "neither speedy nor adequate" because, "As of the date of the filing of this writ petition, petitioner has served two years, six months and eleven days in custody. Absent relief, he has nine months and nineteen days of remaining custodial time. If granted Proposition 47 relief, petitioner will be entitled to immediate release from custody."

## II. DISCUSSION

Section 1170.18, subdivision (a) provides: "A person currently serving a sentence for a conviction, *whether by trial or plea*, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . ." (Italics added.) Proposition 47 reduced the offense of receiving stolen property from a felony to a misdemeanor where the value of the property does not exceed $950. (See §§ 496, 1170.18, subd. (a).) As T.W. admitted to receiving stolen property, he contends he is entitled to petition for recall of his sentence because by its plain language section 1170.18 applies to convictions by trial or plea, and thus the trial court erred by engrafting a plea agreement disqualifier into the statute. We agree.

" 'In interpreting a voter initiative . . . we apply the same principles that govern statutory construction. [Citation.] Thus, "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.] In other words, 'our primary

---

T.W. filed a request for dismissal in case No. A144530, we dismissed the appeal and immediately issued the remittitur, thereby transferring jurisdiction over the matter back to superior court. (*Saunoa,* at p. 872 [issuance of the remittitur transfers jurisdiction from the appellate court to the court whose decision was reviewed].)

5

purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure.' " (*People v. Briceno* (2004) 34 Cal.4th 451, 459.)

Here, section 1170.18 clearly and unambiguously states, "A person currently serving a sentence for a conviction, *whether by trial or plea*" of eligible felonies may petition for resentencing to a misdemeanor. (*Id.*, subd. (a), italics added.) The only persons categorically ineligible are those with prior convictions for an enumerated handful of serious crimes, such as murder, rape, or child molestation. (See §§ 490.2, subd. (a), 667, subd. (e)(2)(C)(iv) [listing the disqualifying prior violent convictions].) After a petitioner is found to be eligible, the trial court must grant the petition for reduction of sentence unless the court finds in its discretion that the petitioner poses an unreasonable risk of committing a very serious crime. (See § 1170.18, subds. (b), (c).) The statute does not otherwise automatically disqualify a petitioner and nothing in section 1170.18 reflects an intent to disqualify a petitioner because the conviction was obtained by plea agreement.

Moreover, Proposition 47 "was intended to reduce penalties 'for certain nonserious and nonviolent property and drug offenses from wobblers or felonies to misdemeanors.' Those crimes were identified as 'Grand Theft,' 'Shoplifting,' 'Receiving Stolen Property,' 'Writing Bad Checks,' 'Check Forgery,' and 'Drug Possession.' (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis by the Legis. Analyst, pp. 35–36, boldface and italics omitted.) 'This measure allows offenders currently serving felony sentences for the above crimes to apply to have their felony sentences reduced to misdemeanor sentences. . . . In addition, the measure states that a court is not required to resentence an offender currently serving a felony sentence if the court finds it likely that this offender will commit a specified severe crime.' [Citation.] This was echoed by the proponents of Proposition 47, who argued the measure 'is sensible' in that it 'Stops wasting prison space on petty crimes and focuses law enforcement resources on violent and serious crime by changing low-level nonviolent crimes such as simple drug possession and petty theft from felonies to misdemeanors.' (Voter Information Guide,

6

argument in favor of Prop. 47, at p. 38.)" (*People v. Davis* (2015) 234 Cal.App.4th 1001, 1023, italics omitted.)

Viewed in light of these objectives, our interpretation of section 1170.18, which adheres to its plain and unambiguous language, clearly " 'effectuate[s] the intent of the voters' " who passed Proposition 47. (*People v. Briceno, supra,* 34 Cal.4th at p. 459.) Accordingly, T.W. is entitled to petition for modification of his sentence, notwithstanding the fact his conviction was obtained by a plea agreement.[4]

Accordingly, let a peremptory writ of mandate issue commanding respondent Superior Court of Contra Costa County, in its case No. J12-00850, to vacate its order denying T.W.'s modification petition, filed on January 13, 2015. Furthermore, in the interests of justice and consistent with the views expressed herein, respondent court shall hold a hearing as soon as possible to determine whether T.W.'s maximum term shall be reduced pursuant to section 1170.18, subdivision (b). Our decision is final in this court immediately. (Cal. Rules of Court, rule 8.490(b)(2)(A).)

_____
Margulies, Acting P.J.

We concur:

_____
Dondero, J.

_____
Banke, J.

---

[4]  This outcome is consistent with the general rule announced by our Supreme Court in *Doe v. Harris* (2013) 57 Cal.4th 64: "[T]he general rule in California is that the plea agreement will be ' "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. . . ." ' [Citation.] That the parties enter into a plea agreement thus does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them." (*Id.* at p. 66.)

7

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| T.W.,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF CONTRA COSTA COUNTY,<br><br>    Respondent;<br><br>THE PEOPLE,<br><br>    Real Party in Interest. | A144528<br><br>(Contra Costa County<br>Super. Ct. No. J12-00850)<br><br>ORDER CERTIFYING OPINION FOR PUBLICATION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

    The opinion in the above-entitled matter filed on April 21, 2015, was not certified for publication in the Official Reports. After the court's review of requests under California Rules of Court, rule 8.1120, and good cause established under rule 8.1105, it is hereby ordered that the opinion should be published in the Official Reports.

Dated:

                                                _____

                                            Margulies, Acting P.J.

Trial Court:  Contra Costa County Superior Court

Trial Judge:  Hon. Thomas M. Maddock

Counsel:

Robin Lipetzky, Public Defender, Jonathan Laba, Karen Moghtader, Assistant Public Defenders, and Ji Seon Song, Deputy Public Defender for Petitioner.

Michael T. Risher, Micaela Davis for American Civil Liberties Union Foundation of Northern California as Amicus Curiae on behalf of Petitioner.

Lenore Anderson for Californians for Safety and Justice/Vote Safe as Amicus Curiae on behalf of Petitioner.

Michael Romano for Stanford Law School Three Strikes Project as Amicus Curiae on behalf of Petitioner.

Kamala D. Harris, Attorney General, Gerald A. Engler and Jeffrey M. Laurence, Assistant Attorneys General, Eric D. Share and Huy R. Luong, Deputy Attorneys General for Real Party in Interest.