Filed 9/15/15  In re P.J. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re P.J., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>P.J.,<br><br>        Defendant and Appellant. | A144493<br><br>(Contra Costa County<br>Super. Ct. No. J13-00907) |

P.J. appeals from the juvenile court's denial of his motion to reduce his sustained petition for attempted felony grand theft to a misdemeanor, pursuant to Penal Code[1] section 1170.18, part of The Safe Neighborhood and Schools Act (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014)). The Attorney General acknowledges, in conformity with the recent decision of Division One of this court (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646), that the juvenile court erred, and that the matter should be remanded to the juvenile court for further proceedings pursuant to section 1170.18. We shall vacate the challenged order and remand for further proceedings.

**Background**

In a petition under Welfare and Institutions Code section 602, P.J., then 15 years of age, was alleged to have committed two counts of attempted second degree robbery

---

[1] All statutory references are to the Penal Code unless otherwise noted.

1

(§§ 664, 211, 212.5, subd. (c)). At the dispositional hearing, a third count was added to the petition alleging that P.J. had committed attempted felony grand theft (§§ 664, 487, subd. (c)). P.J. admitted the new charge, the other two counts were dismissed, and P.J. was declared a ward of the court and placed on probation. [2] Subsequently P.J. filed a motion under section 1170.18 to reduce the sustained felony violation to a misdemeanor. After extensive briefing and multiple hearings, the court found that the disposition of the petition was the result of a plea bargain and denied the motion on the ground that section 1170.18 does not apply in the case of a plea bargain. P.J. has timely appealed from the denial of the motion.

## Discussion

Section 1170.18 provides in relevant part: "(a) A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections . . . 490.2 . . . as those sections have been amended or added by this act. [¶] (b) Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor pursuant to Sections . . . 490.2 [as] those sections have been amended or added by this act, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety. . . ." Subdivision (c) states that " 'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent

---

[2] According to the probation report, P.J. had threatened two other youths with a gun and had unsuccessfully attempted to steal one of the youth's bicycle. Between the date of the disposition and the ruling on the motion before us, P.J. admitted two probation violations, which lead to commitments to juvenile hall and to Orin Allen Youth Rehabilitation Facility, and P.J. was charged with a third violation that ultimately was dismissed.

2

felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667."

Section 490.2, also added by Proposition 47, provides in relevant part: "(a) Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ."

As implicitly recognized in *T.W.*, Proposition 47 applies to violations established in juvenile delinquency proceedings. (*T.W. v. Superior Court, supra,* 236 Cal.App.4th at p. 650.) And as the court there held under circumstances similar to those in the present case, "section 1170.18 clearly and unambiguously states, 'A person currently serving a sentence for a conviction, *whether by trial or plea'* of eligible felonies may petition for resentencing to a misdemeanor. (*Id.*, subd. (a), italics added.) The only persons categorically ineligible are those with prior convictions for an enumerated handful of serious crimes, such as murder, rape or child molestation. (See §§ 490.2, subd. (a), 667, subd. (e)(2)(C)(iv) [listing the disqualifying violent convictions].) After a petitioner is found to be eligible, the trial court must grant the petition for reduction of sentence unless the court finds in its discretion that the petitioner poses an unreasonable risk of committing a very serious crime." (*T.W., supra,* at p. 652.)

Since there was no property taken in the attempted grand theft which P.J. was found to have committed, section 1170.18 in conjunction with section 490.2 requires the court to reduce P.J.'s offense to a misdemeanor, whether or not the disposition resulted from a plea agreement, unless the court determines that P.J. poses an unreasonable risk of danger to public safety. P.J. contends that since "nothing in the record indicates that [P.J.] is at risk of committing the violent felonies listed in section 667, subdivision (e)(2)(C)(iv)," this court should order that his sentence be reduced to a misdemeanor. However, although the prosecutor did not press the contention below that P.J. poses such a risk, we believe that this issue should be determined in the first instance in the juvenile

3

court. Section 1170.18, subdivision (b) confers on the trial court broad discretion to determine whether the individual poses an unreasonable risk of danger to public safety.[3]

## Disposition

The order denying the motion to reduce P.J.'s offense to a misdemeanor is vacated, and the matter is remanded to the juvenile court to determine whether P.J. poses an unreasonable risk of danger to public safety and based on that determination to grant or deny the motion in conformity with this opinion.

_____
Pollak, Acting P.J.

We concur:

_____
Siggins, J.

_____
Jenkins, J.

---

[3] Section 1170.18, subdivision (b) concludes as follows: "In exercising its discretion, the court may consider all of the following: (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes. (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated. (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety."