Filed 10/13/15  P. v. Preyer CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>            v.<br><br>HOMER LEE PREYER,<br><br>      Defendant and Appellant. | G051930<br><br>(Super. Ct. No. 98CF0883)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Thomas A. Glazier, Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Homer Lee Preyer appeals from an order denying his petition to recall a sentence imposed in 1998 for second degree robbery, pursuant to Proposition 47, the Safe Neighborhoods and Schools Act (Pen. Code, § 1170.18; all statutory citations are to this code unless otherwise designated). Preyer appealed, and his appointed counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel summarized the facts and procedural history of the case, but raised no specific issues, and asked this court to review the record to determine whether there were any arguable matters. Counsel submitted a declaration stating he thoroughly reviewed the record. Counsel advised Preyer he would file a *Wende* brief, and he was providing him with a copy. He advised Preyer he could personally file a supplemental brief on his own behalf raising any issues he believed worthy of consideration, and sent Preyer a copy of the appellate record. Counsel did not argue against his client or declare the appeal was frivolous. He advised Preyer he could ask the court to relieve him as counsel. We gave Preyer 30 days to file a supplemental brief, and Preyer submitted two supplemental briefs. We have reviewed the record and Preyer's supplemental briefs, found no arguable issues, and therefore affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

In May 1998, the Orange County District Attorney filed an information alleging Preyer committed second degree robbery (§§ 211, 212.5, subd. (c), 213, subd. (a)(2)) and grand theft (§ 487, subd. (c)) on March 25, 1998. The information further alleged Preyer had suffered nine prior convictions qualifying as strikes under the Three Strikes law (§§ 667, subds. (d) & (e)(2); 1170.12), and two prior convictions triggering five-year enhancements under section 667, subdivision (a)(1). In September 1998, a jury found Preyer guilty of second degree robbery, and the trial court found the prior conviction allegations true. In February 1999, the court imposed a sentence of 35 years to life.

2

In December 2014, Preyer filed in propria persona a petition to have the felony conviction designated as a misdemeanor (§ 1170.18).  The court addressed the petition at a hearing in April 2015.  Preyer appeared in court representing himself.  The district attorney asserted Preyer was statutorily ineligible for relief.  The court agreed, and denied the petition.

DISCUSSION

Following *Wende* guidelines, we have reviewed the appellate record and appellate counsel's brief, including counsel's suggestion to consider whether the trial court erred when it found Preyer ineligible to have his sentence recalled, and discern no arguable issue.  In supplemental briefs filed September 25 and October 6, 2015 (see *People v. Kelly* (2006) 40 Cal.4th 106, 111 [appellate court must address issues raised personally by appellant in a *Wende* proceeding]), Preyer suggests the trial court erred by failing to appoint counsel to assist him with the petition.  He cites no statutory or decisional authority for this position.  Preliminarily, he did not request appointment of counsel in the trial court.  In any event, under federal constitutional law the state generally has no obligation to provide counsel to a defendant beyond the first appeal. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [Supreme Court has never held prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions because right to appointed counsel extends only to the first appeal of right]; *Johnson v. Avery* (1969) 393 U.S. 483, 488.)  The California Supreme Court has recognized the right to appointed counsel for indigents where the proceeding at issue is "'regarded as part of the proceedings in the criminal case'" and an "established remedy for challenging a criminal conviction . . . ."  (*People v. Shipman* (1965) 62 Cal.2d 226, 231 (*Shipman*).)  *Shipman* noted, however, "the filing of adequately detailed factual allegations stating a prima facie case" for relief is "a condition to appointing counsel . . . ."  (*Id.* at p. 232 ["in the absence of adequate factual allegations stating a

3

prima facie case, counsel need not be appointed either in the trial court or on appeal from a summary denial of relief in that court"].)

Section 1170.18 provides a statutory remedy for "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had th[e] act been in effect at the time of the offense." (§ 1170.18, subd. (a).) Under section 1170.18, subdivision (a), a person "may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (See *T.W. v. Superior Court* (2015) 236 Cal.App.4th 646 [Proposition 47 intended to reduce penalties for certain nonserious and nonviolent property and drug offenses from wobblers or felonies to misdemeanors].)

Section 1170.18, subdivision (b), provides that "[u]pon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . , unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).) "The procedure under section 1170.18 may be considered comparable to a habeas proceeding where the petitioner's right to counsel does not attach until the court determines petitioner has made a prima facie case for relief and issues an order to show cause. (See *In re Clark* (1993) 5 Cal.4th 750, 779 ['[I]f a petition attacking the validity of a judgment states a prima facie case leading to issuance of an order to show cause, the appointment of counsel is demanded by due process concerns'].)" (Couzens & Bigelow, the Safe Neighborhoods and School Act (rev. Feb. 3, 2015) p. 67; < http://www.courts.ca.gov/documents/Prop-47-Information.pdf> (Couzens & Bigelow).)

4

Here, the petition expressly alleged Preyer had been convicted of second degree robbery, a serious (§ 1192.7, subd. (c)(19)) and violent felony (§ 667.5, subd. (c)(9)) not enumerated in section 1170.18, subdivision (a). Accordingly, the petition did not contain factual allegations stating a prima facie case for relief under section 1170.18, subdivision (b). The trial court did not err in failing to appoint counsel for Preyer. (See Couzens & Bigelow, *supra,* at p. 67 ["it does not appear the defendant is entitled to counsel for the initial preparation of the petition or in connection with its initial screening."].) We conclude there are no arguable issues within the meaning of *People v. Wende, supra,* 25 Cal.3d 436.

### III

### DISPOSITION

The postjudgment order is affirmed.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.


5