Filed 10/27/15  In re M.J. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re M.J., a Person Coming Under the Juvenile Court Law. | B260536 (Los Angeles County Super. Ct. No. MJ22738) |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> M.J., <br><br> Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Denise McLaughlin-Bennett, Judge.  Reversed with directions.

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, and Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.

_____

M.J. appeals from the juvenile court's disposition order reducing her felony second degree burglary charge to a misdemeanor charge under Penal Code section 459.[1] Appellant contends the juvenile court erred when it refused to reduce her commercial burglary offense to shoplifting under section 459.5, as required by Proposition 47, the Safe Neighborhood and Schools Act (Cal. Const., art. II, § 10, subd. (a)) (Proposition 47 or the Act).[2] We agree and reverse.

## PROCEDURAL BACKGROUND

On June 24, 2014, the Los Angeles County District Attorney filed a Welfare and Institutions Code section 602 petition alleging that appellant, a 17-year-old minor, had committed second degree burglary, a felony, pursuant to section 459.

On July 15, 2014, appellant admitted the burglary offense. The juvenile court found the allegations of the petition true, but did not sustain the petition. Instead, the court placed appellant on deferred entry of judgment. (Welf. & Inst. Code, § 790.) The court declared the offense a felony, set the maximum confinement time at three years, and awarded 24 days' predisposition credit.

On October 23, 2014, the court lifted the deferred entry of judgment order and issued a bench warrant. The warrant was recalled and quashed on October 29, 2014, while the prior order lifting deferred entry of judgment remained in effect.

On November 13, 2014, the juvenile court sustained the petition, declared appellant a ward of the court, and stated that pursuant to Proposition 47, it would reduce the section 459 offense to a misdemeanor upon confirmation that the loss involved was less than $950. However, on November 18, 2014, after receiving confirmation that the value of the loss was less than $950, the court refused to redesignate the offense as

_____

[1] Undesignated statutory references are to the Penal Code.

[2] Respondent agrees that the juvenile court's disposition order was improper in light of Proposition 47, and the juvenile court erred when it refused to reduce appellant's commercial burglary offense to a shoplifting conviction under section 459.5.

2

misdemeanor shoplifting under section 459.5, instead reducing the commercial burglary charge from a felony to a misdemeanor,[3] over defense objection. The court ordered appellant suitably placed at Rite of Passage in Nevada, set the maximum confinement time at one year, and awarded 47 days' predisposition credit.

## DISCUSSION

## The Juvenile Court Erred When It Refused to Reduce
## Appellant's Section 459 Second Degree Felony Burglary Offense to a
## Section 459.5 Misdemeanor Shoplifting Offense, as
## Required by Proposition 47

### A. *Relevant Background*

A week after the passage of Proposition 47, the juvenile court in this case stated that upon confirmation that the loss involved was less than $950, it would reduce the felony commercial burglary charge to a misdemeanor pursuant to Proposition 47, thus reducing the minor's maximum confinement time from three years to one year. At the disposition hearing on November 18, 2014, the value of the loss was confirmed to be less than $950, and defense counsel argued that because the offense appellant had admitted was misdemeanor shoplifting under Proposition 47, the charge should be reduced to a violation of section 459.5. Accordingly, appellant's maximum confinement time should be six months under section 459.5, as opposed to one year for a misdemeanor commercial burglary.

Over defense objection, the juvenile court refused to redesignate the misdemeanor commercial burglary as a shoplifting offense, stating that appellant was never charged with a violation of section 459.5, and the court could not "retroactively change" the second degree commercial burglary charge to misdemeanor shoplifting. Defense counsel argued that under the facts and circumstances of this case, the minor was charged by

---

[3] Second degree burglary is a "wobbler," which may be punished as a misdemeanor or a felony. (*People v. Williams* (2010) 49 Cal.4th 405, 461, fn. 6.)

3

operation of law with misdemeanor shoplifting under section 459.5, and equal protection as well as Welfare and Institutions Code section 726, subdivision (d) required the redesignation of the offense from a straight misdemeanor under section 459 with a one-year maximum to a section 459.5 misdemeanor with a maximum confinement of six months.

The court responded by recounting the facts of the crime as set forth in the police report, which indicated that appellant and another minor entered a Macy's store during business hours, and "acting in concert," removed the tags from items of clothing which they then put in their purses before leaving the store. The court then declared that it would not reduce the misdemeanor commercial burglary under section 459 to a 459.5 misdemeanor, on the grounds "that the court has reduced the felony that the minor admitted . . . to a misdemeanor which changes the maximum confinement time from three years to one year, and given the placement order the court intends to make with the hopes that it will rehabilitate her . . . ."

**B. *Proposition 47 Required the Reduction of Appellant's Second Degree Felony Burglary Charge to Misdemeanor Shoplifting***

On November 4, 2014, voters approved Proposition 47, which became effective on November 5, 2014. (Cal. Const., art. II, § 10, subd. (a); *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.) Under Proposition 47, certain drug- and theft-related offenses that were previously felonies or "wobblers" became misdemeanors, unless the offenses were committed by certain ineligible defendants. (*Lynall*, at p. 1108; Voter Information Guide, Gen. Elec. (Nov. 4, 2014) Text of Proposed Laws, § 3, p. 70.)

Among other things, Proposition 47 added section 459.5 to the Penal Code, removing the crime of shoplifting from prosecution as commercial burglary for most offenders. Section 459.5 provides: "(a) Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any

4

other entry into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor, except that a person with one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290 may be punished pursuant to subdivision (h) of Section 1170."  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) Text of Proposed Laws, § 5, p. 71.)

The punishment for violation of section 459.5 is six months.  (§ 19 ["Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a misdemeanor is punishable by imprisonment in the county jail not exceeding six months, or by fine not exceeding one thousand dollars ($1,000), or by both."].)

The juvenile court in this case erred in refusing to reduce appellant's offense to misdemeanor shoplifting with a six-month maximum term of confinement in accordance with Proposition 47.  Appellant's Welfare and Institutions Code section 602 petition was not sustained until November 13, 2014, after Proposition 47 took effect.  By that time, appellant's commercial burglary offense had been redefined as shoplifting, a misdemeanor subject to a six-month maximum term of confinement.  Contrary to the juvenile court's view that because "juvenile court is a bit different from adult court," leaving questions "as to exactly what was intended with the passage of [Proposition] 47" as it applies to juvenile proceedings, juveniles are entitled to benefit from the Act's ameliorative provisions to the same extent as adults.  (See *T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 650–653.)

Appellant's offense falls squarely within the purview of section 459.5.  Appellant admitted a violation of section 459,[4] second degree commercial burglary, and counsel

---

[4] That appellant admitted a felony commercial burglary offense under section 459 is of no consequence.  Section 1170.18, subdivision (a), added by Proposition 47,

5

stipulated to a factual basis for the plea. The facts set forth in the detention report establish that appellant entered a Macy's store during business hours and shoplifted items worth less than $950. Appellant has no disqualifying prior convictions for the serious or violent felonies listed in section 667, subdivision (e)(2)(C)(iv), nor does she have a prior conviction for an offense that requires the defendant to register as a sex offender under section 290, subdivision (c). Accordingly, appellant was eligible to have her section 459 felony second degree burglary conviction reduced to misdemeanor shoplifting under section 459.5, and the juvenile court erred when it refused to do so.

## DISPOSITION

The juvenile court's disposition order entered November 18, 2014, is reversed. The juvenile court is ordered to modify its disposition order to reflect the change from a true finding on the Penal Code section 459 offense to a true finding of a violation of section 459.5, with a maximum confinement term of six months.

NOT TO BE PUBLISHED.


LUI, J.

We concur:


ROTHSCHILD, P. J.


JOHNSON, J.

---

expressly permits a person serving a sentence for a conviction of eligible felonies, "*whether by trial or plea*," to petition for resentencing to a misdemeanor. (*T.W. v. Superior Court*, *supra*, 236 Cal.App.4th at p. 652 ["nothing in section 1170.18 reflects an intent to disqualify a petitioner because the conviction was obtained by plea agreement"].)