Filed 12/22/15  P. v. Frausto CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DYLAN FRAUSTO,<br><br>    Defendant and Appellant. | B264147<br><br>(Los Angeles County<br>Super. Ct. No. GA085967) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Steven P. Senora, Judge.  Reversed and remanded.

Melissa L. Camacho-Cheung, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Dylan Frausto pleaded "no contest" to one count of grand theft of a person in violation of Penal Code section 487,[1] subdivision (c) on May 21, 2012.  He was initially charged with one count of second degree robbery in violation of section 211.  As part of the plea bargain, he was granted three years' formal probation under terms and conditions that included serving 240 days in the county jail.  On May 4, 2015, defendant filed a petition requesting resentencing of his conviction under section 1170.18 (Proposition 47).  The trial court denied the petition on the ground that section 487 provides that the theft of personal property of any value from the person of another is grand theft.  (§ 487, subd. (c).)

The record shows that defendant picked up a flashlight and a small set of tools in a Wal-Mart store and left the store without paying.  He attempted to run when confronted by security officers, but they managed to restrain him.  He was later arrested.  The value of the stolen items totaled $29.92.

Section 1170.18 provides that "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."  (§ 1170.18, subd. (a).)

Section 490.2 provides in pertinent part: "*Notwithstanding Section 487* or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ."  (Italics added.)

---

[1]      All further references to statutes are to the Penal Code unless stated otherwise.

2

Respondent agrees with defendant that, "pursuant to the plain language of section 490.2, subdivision (a)," defendant is eligible to have his conviction under section 487, subdivision (c) reduced to a misdemeanor, since the value of the items he stole did not exceed $950. Under section 1170.18, subdivision (f), defendant is not rendered ineligible by the fact that he has already completed his sentence. Respondent adds that defendant is eligible even though his conviction was obtained by plea agreement, citing *T.W. v. Superior Court* (2015) 236 Cal.App.4th 646. In that case, the court stated, "section 1170.18 clearly and unambiguously states, 'A person currently serving a sentence for a conviction, *whether by trial or plea*' of eligible felonies may petition for resentencing to a misdemeanor. [Citation.] The only persons categorically ineligible are those with prior convictions for an enumerated handful of serious crimes, such as murder, rape, or child molestation. [Citations.]. After a petitioner is found to be eligible, the trial court must grant the petition for reduction of sentence unless the court finds in its discretion that the petitioner poses an unreasonable risk of committing a very serious crime. [Citation.] The statute does not otherwise automatically disqualify a petitioner and nothing in section 1170.18 reflects an intent to disqualify a petitioner because the conviction was obtained by plea agreement." (*T.W. v. Superior Court*, at p. 652.)

We agree with respondent. We recognize that, subsequent to *T.W. v. Superior Court*, the court in *Harris v. Superior Court* (2015) 242 Cal.App.4th 244 (*Harris*) held that, under the circumstances of that case, reduction of the plea-bargained felony charge to a misdemeanor under Proposition 47 would deprive the People of the benefit of the bargain of its plea agreement. As a result, the People were entitled to withdraw from the plea and reinstate the previously dismissed charges in accordance with their motion in the trial court upon the granting of the defendant's petition. (*Harris*, at pp. 247, 249.)

We believe *Harris* is inapplicable under the circumstances of the instant case. Like Harris, defendant was initially charged with robbery in violation of section 211. Harris, however, committed a strong-arm robbery during which he hit the victim. (*Harris*, *supra*, 242 Cal.App.4th at p. 247.) Harris was alleged to have suffered six prior felony convictions, including a prior conviction for a serious felony under section 667,

3

subdivision (a)(1) (a "strike" conviction). (*Harris*, at p. 247.) Harris obtained a plea bargain whereby he pleaded guilty to one count of grand theft from a person in order to avoid another strike conviction. Harris admitted having suffered the prior serious felony conviction, and the People dismissed the robbery charge and other related allegations. (*Id.* at p. 248.)

Unlike Harris, defendant had no criminal record. And unlike in Harris's case, the People filed no motion to withdraw from the plea agreement and reinstate the previously dismissed charge upon defendant's filing of his petition under Proposition 47. (*Harris*, *supra*, 242 Cal.App.4th at p. 249.) Also unlike Harris, defendant has completed his sentence. Harris had not completed the agreed-upon term of six years, which the *Harris* court characterized as a "'fundamental assumption'" of the plea bargain and an integral part of the bargain contract, resulting in a windfall to Harris. (*Id.* at p. 250.)

In the instant case, the People clearly did not believe they had been denied the benefit of their bargain, and they were not. On appeal, they have conceded defendant's eligibility for resentencing. These circumstances and the plain language of section 490.2 indicate that defendant is eligible for resentencing under Proposition 47.

## DISPOSITION

The judgment is reversed, and the matter is remanded for reconsideration of defendant's petition.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


BOREN, P.J.

We concur:


CHAVEZ, J.


HOFFSTADT, J.

4