Filed 3/23/16  P. v. Morales CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B265651 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA106793) |
| v. | |
| NICHOLAS MORALES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Olivia Rosales, Judge.  Reversed and remanded.

———

California Appellate Project, Jonathan B. Steiner, Executive Director, and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

———

Appellant Nicholas Morales appeals from the trial court's denial of his petition for recall of his sentence and resentencing under Penal Code section 1170.18, [1] on his convictions of one count of grand theft person and one count of petty theft, which was sentenced as a felony. Appellant argues, the Attorney General concedes, and we agree that the trial court erred in concluding that appellant's theft convictions were ineligible for resentencing as misdemeanors under Proposition 47, the Safe Neighborhood and Schools Act. Accordingly, we reverse and remand for reconsideration of appellant's petition.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2009, a jury convicted appellant of one count of attempted robbery (§§ 664, 211), four counts of impersonating a police officer (§ 146a, subd. (b)), one count of grand theft person (§ 487, subd. (c)), and two counts of petty theft (§ 484). The court imposed a sentence of 35 years to life on the attempted robbery count, concurrent two-year terms on the impersonation counts, a two-year concurrent sentence on one[2] of the petty theft counts (sentenced as a felony), and a concurrent two-year term on the grand theft person count.

In June 2015, appellant filed a petition for resentencing on the theft convictions (§§ 487, subd. (c), 484) under section 1170.18. The trial court denied the motion, concluding the charges were not eligible for relief. Appellant timely filed a notice of appeal.

## DISCUSSION

Proposition 47, codified in section 1170.18, reduced the penalties for a number of offenses. Among those crimes reduced to misdemeanors are theft offenses, including those charged in this case, petty theft and grand theft person, which are now defined in section 490.2: Notwithstanding section 487 or any other provision of law defining grand theft, obtaining any property by theft "where the value of the money, labor, real or

---

[1]    All statutory references are to the Penal Code unless otherwise indicated.

[2]    The trial court found the remaining petty theft count to be a misdemeanor, and imposed a six-month jail sentence on the conviction.

personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor."  (§ 490.2, subd. (a).)

Here, the appellant and the Attorney General properly agree that the trial court erred in concluding as a matter of law that appellant's convictions for section 487, subdivision (c) and section 484 were ineligible for resentencing as misdemeanors. Convictions for those offenses do not categorically exclude appellant from relief. Rather, the trial court must determine whether the facts of those offenses qualify appellant for statutory relief, including whether the value of the property involved was less than $950.  (*People v. Contreras* (2015) 237 Cal.App.4th 868, 892.)  If "[a]fter a petitioner is found to be eligible, the trial court must grant the petition for reduction of sentence unless the court finds in its discretion that the petitioner poses an unreasonable risk of committing a very serious crime."  (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 652.)   The parties also concur, and we agree, that this matter must be remanded to the trial court with directions to hold a new hearing on the petition. On remand, the trial court must review the factual basis of the convictions in light of section 490.2 as well as the factors in section 1170.18.

## DISPOSITION

The order denying the appellant's petition for resentencing under section 1170.18 is reversed.  The case is remanded to the trial court with directions to reconsider the petition in accord with the views expressed in this opinion.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

JOHNSON, J.

4