Filed 6/16/16  P. v. Peerman CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C079423 |
| v. | (Super. Ct. No. 14F1717) |
| DARIN LEROY PEERMAN, | |
| Defendant and Appellant. | |

Defendant Darin Leroy Peerman appeals from the trial court's orders granting his Penal Code section 1170.18[1] petition for resentencing.  He contends the court erred in believing it was required to impose the same term as the stipulated sentence that was part of defendant's plea agreement.  He additionally contends the sentence violates the provision in section 1170.18 prohibiting a court from imposing a greater term than the original when resentencing.  Agreeing with the first contention and declining to reach the second, we reverse the sentence and remand for resentencing.

---

[1]     Undesignated statutory references are to the Penal Code.

1

BACKGROUND

We dispense with a recitation of the facts of defendant's crimes as they are unnecessary to resolve this appeal.

Defendant pleaded no contest to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and felon in possession of a firearm (§ 29800, subd. (a)) and admitted a strike allegation. He was sentenced to serve a stipulated term of four years in state prison, consisting of a 16-month low term on the methamphetamine charge, doubled to 32 months, and a consecutive 8 months on the firearm charge, doubled to 16 months.

Defendant subsequently filed a section 1170.18 petition seeking resentencing on the possession of methamphetamine charge. The trial court designated possession of methamphetamine a misdemeanor and resentenced defendant on the felon in possession count.

The court imposed a middle term of two years, doubled to four with the strike. It gave the following reasons for the decision: "I don't know that I have to find any mitigating or aggravating circumstances since I'm imposing the mid term. He does have a serious history, including the strike, although that's not part of the analysis. Other than that, he's been to prison, he's violated parole, and he stipulated to a four-year term. That's pretty much the key: It was never set for purposes of the court to determine what to do, that's what the parties agreed to. So, I just wanted to make sure you made your record on that because I know there's still a lot of issues on Prop. 47[2] that are up in the air."

---

**2**    Proposition 47, as approved by voters in the General Election, November 4, 2014, effective November 5, 2014, codified as section 1170.18 of the Penal Code (Proposition 47).

DISCUSSION

Defendant contends the trial court erred in believing it was bound by the stipulated term. The Attorney General claims the stipulated term estops defendant from making this claim.

Section 1170.18, subdivision (a), provides: "A person currently serving a sentence for a conviction, *whether by trial or plea*, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing. . . ." (Italics added.)

The First District Court of Appeal addressed whether a plea agreement precluded a petition for resentencing in *T.W. v. Superior Court* (2015) 236 Cal.App.4th 646 (*T.W.*). In *T.W.*, a supplemental delinquency petition was filed alleging the minor committed robbery and received stolen property. (*Id.* at p. 649.) The minor admitted to the receiving allegation and the robbery allegation was dismissed. (*Ibid.*) The minor subsequently filed a petition for modification (Welf. & Inst. Code, § 778) seeking a reduction of his felony conviction for receiving stolen property to a misdemeanor. Following Proposition 47, the crime of receiving stolen property is a misdemeanor unless the value of the property exceeds $950 (*T.W.*, at pp. 649-650).

The juvenile court denied the petition because the plea agreement precluded Proposition 47 resentencing. (*T.W.*, *supra*, 236 Cal.App.4th at pp. 650-651.) The Court of Appeal found "by its plain language section 1170.18 applies to convictions by trial or plea, and thus the trial court erred by engrafting a plea agreement disqualifier into the statute." (*T.W.*, at p. 651.) The *T.W.* court noted that, in addition to the unambiguous language of section 1170.18 applying resentencing to a defendant convicted by a plea, Proposition 47 " 'was intended to reduce penalties for "certain nonserious and nonviolent property and drug offenses from wobblers or felonies to misdemeanors." ' " (*T.W.*, at

3

p. 652.)  In light of the statutory language and the intent of Proposition 47, an eligible defendant was entitled to resentencing even where the conviction (or delinquency finding) was obtained pursuant to a plea agreement.  (*T.W.,* at pp. 652-653.)

The fact defendant was sentenced to a stipulated term as part of his plea agreement is no reason to depart from *T.W.*  "[T]he general rule in California is that the plea agreement will be ' "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy . . . ." '  [Citation.]  That the parties enter into a plea agreement thus does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them."  (*Doe v. Harris* (2013) 57 Cal.4th 64, 66.)  Proposition 47 is a change in the law that expressly applies to a conviction obtained by a plea agreement.  When it operates to reduce a felony conviction to a misdemeanor, defendant is entitled to resentencing.

The trial court's statement:  "That's pretty much the key:  It was never set for purposes of the court to determine what to do, that's what the parties agreed to," shows it believed it was bound to impose the same sentence as stipulated in the plea agreement.  This was in error, as resentencing under Proposition 47 is not constrained by any sentence stipulated in a plea agreement.

We review a trial court's sentencing choice for abuse of discretion.  (*People v. Ogg* (2013) 219 Cal.App.4th 173, 185.)  A decision resting on a legal error is necessarily an abuse of discretion.  (*In re Esperanza C.* (2008) 165 Cal.App.4th 1042, 1061.)  Here, the trial court was not bound by the original stipulated term when resentencing defendant pursuant to Proposition 47.  Because the sentence was based on a legal error, we reverse the sentence and remand for a new sentencing hearing.  Since the court will be

conducting a new sentencing hearing, we do not reach defendant's contention that the term imposed by the trial court violated section 1170.18, subdivision (e).[3]

DISPOSITION

The sentence is reversed and the matter is remanded for a new sentencing hearing.


                                        /s/
                              HOCH, J.



We concur:



        /s/
HULL, Acting P. J.



        /s/
DUARTE, J.

_____

[3]      Section 1170.18, subdivision (e), states, "Under no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence."

5