Filed 7/7/16  P. v. Valenzuela CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E063862 |
| v. | (Super.Ct.No. BLF1200175) |
| JOSE VALENZUELA, | O P I N I O N |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Michael A. Hestrin, District Attorney, and Emily R. Hanks, Deputy District

Attorney, for Plaintiff and Appellant.

Susan L. Ferguson, under appointment by the Court of Appeal, for Defendant and

Respondent.

1

The court granted defendant and respondent Jose Valenzuela's petition for resentencing filed pursuant to Penal Code section 1170.18, subdivision (a).[1] On appeal, the People contend the court erred in granting the petition. We affirm.

## I. PROCEDURAL HISTORY

On October 4, 2012, the People charged defendant by felony information with possession of heroin in prison. (§ 4573.6, count 1.) The People additionally alleged defendant had suffered six prior strike convictions (§§ 667, subd. (c), 1170.12, subd. (c)(1)) and one prior prison term (§ 667.5, subd. (b)).[2]

On September 18, 2013, pursuant to a plea agreement, defendant pled guilty to an added felony count 2 offense of possession of heroin. (Health & Saf. Code, § 11350, subd. (a).) In return, the court sentenced defendant to 16 months' incarceration, concurrent to a 51-year-to-life term he was already serving. The court dismissed the remaining count and allegations.

On January 8, 2015, defendant filed a petition for resentencing pursuant to section 1170.18. On April 24, 2015, the People filed formal opposition. On May 15, 2015, the court granted defendant's petition, resentencing defendant to the now misdemeanor offense of possession of heroin and released him "on this case."

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] All the prior conviction offenses for which the People alleged defendant has suffered convictions were robberies.

2

## II. DISCUSSION

The People contend defendant is ineligible for resentencing pursuant to section 1170.18 because he was convicted pursuant to a plea agreement in which he agreed to a 16-month felony sentence in return for the dismissal of the remaining count and allegations. They maintain defendant failed to meet his burden of establishing his eligibility for resentencing. Finally, the People argue that if defendant is eligible for resentencing, the People are entitled to consider the plea agreement breached and restore the dismissed count and allegations. We disagree.

Where the duration of incarceration is often a material term of a plea agreement, the trial court is without *general* statutory authority to modify that term without the consent of both parties. (*People v. Segura* (2008) 44 Cal.4th 921, 935.) However, "the general rule in California is that the plea agreement will be '"deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. . . .'" [Citation.] That the parties enter into a plea agreement thus does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them." (*Doe v. Harris* (2013) 57 Cal.4th 64, 66.)

"[R]equiring the parties' compliance with changes in the law made retroactive to them does not violate the terms of the plea agreement . . . . To that extent, then, the terms of the plea agreement can be affected by changes in the law." (*Doe v. Harris*, *supra*, 57 Cal.4th at pp. 73-74) "[T]he Legislature, for the public good and in furtherance of public

3

policy, and subject to the limitations imposed by the federal and state Constitutions, has the authority to modify or invalidate the terms of an agreement." (*Id*. at p. 70.) The Legislature has the authority "to alter the terms of existing contracts through retroactive legislation." (*Ibid*.)

"[T]he parties to a plea agreement—an agreement unquestionably infused with a substantial public interest and subject to the plenary control of the state—are deemed to know and understand that the state, again subject to the limitations imposed by the federal and state Constitutions, may enact laws that will affect the consequences attending the conviction entered upon the plea." (*Doe v. Harris*, *supra*, 57 Cal.4th at p. 70.) A "subsequent change in the law supersedes the terms of the plea agreement. [Citations.]" (*People v. Murillo* (2002) 102 Cal.App.4th 1414, 1420.)

"'On November 4, 2014, the voters enacted Proposition 47, "the Safe Neighborhoods and Schools Act" (hereafter Proposition 47), which went into effect the next day. [Citation.]' [Citation.] Section 1170.18 'was enacted as part of Proposition 47.' [Citation.] Section 1170.18 provides a mechanism by which a person currently serving a felony sentence for an offense that is now a misdemeanor, may petition for a recall of that sentence and request resentencing in accordance with the offense statutes as added or amended by Proposition 47. [Citation.] A person who satisfies the criteria in subdivision (a) of section 1170.18, shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that

4

resentencing the petitioner would pose an unreasonable risk of danger to public safety.' [Citation.]"  (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 649, fn. 2.)

"'""In interpreting a voter initiative . . . we apply the same principles that govern statutory construction.  [Citation.]  Thus, 'we turn first to the language of the statute, giving the words their ordinary meaning.'  [Citation.]  The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent].  [Citation.]  When the language is ambiguous, 'we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.'  [Citation.]"  [Citation.]  In other words, "our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure."'  [Citation.]"  (*T.W. v. Superior Court*, *supra*, 236 Cal.App.4th at pp. 651-652.)

"Section 1170.18, subdivision (a) provides:  'A person currently serving a sentence for a conviction, *whether by trial or plea*, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ("this act") had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . .'"  (*T.W. v. Superior Court*, *supra*, 236 Cal.App.4th at p. 651.)  In most circumstances, Proposition 47 reduced the offense of possession of a controlled substance

5

from a felony to a misdemeanor.**3** (See Health & Saf. Code, § 11350, subd. (a); Pen. Code, § 1170.18, subd. (a).)

"Here, section 1170.18 clearly and unambiguously states, 'A person currently serving a sentence for a conviction, *whether by trial or plea*' of eligible felonies may petition for resentencing to a misdemeanor. [Citation.]" (*T.W. v. Superior Court*, *supra*, 236 Cal.App.4th at p. 652.) "After a petitioner is found to be eligible, the trial court must grant the petition for reduction of sentence unless the court finds in its discretion that the petitioner poses an unreasonable risk of committing a very serious crime. [Citation.] The statute does not otherwise automatically disqualify a petitioner and nothing in section 1170.18 reflects an intent to disqualify a petitioner because the conviction was obtained by plea agreement." (*Ibid*.) Thus, a defendant is "entitled to petition for modification of his sentence, notwithstanding the fact his conviction was obtained by a plea agreement." (*Id*. at p. 653, fn. omitted.) Indeed, in *Way v. Superior Court* (1977) 74 Cal.App.3d 165, the court held that the retroactive application of the determinate sentencing law, which would have the effect of lessening sentences for defendants who had entered into plea agreements, was constitutional. (*Id*. at p. 180.)

---

**3** Section 1170.18, subdivisions (a) and (i) provide that a conviction for the offense shall be a misdemeanor unless the defendant has one or more prior convictions for specified sex acts, homicides, solicitation to commit murder, assault with a machine gun on a police officer, possession of a weapon of mass destruction, and/or any serious or violent felony punishable by life imprisonment or death as enumerated in section 667, subdivision (e)(2)(C)(iv).

6

Here, as in *T.W.*, defendant was statutorily entitled to resentencing regardless of whether he was convicted pursuant to a plea agreement in which he pled guilty to a felony offense. Section 1170.18 applies retroactively regardless of whether a defendant was convicted by trial or plea. (*T.W. v. Superior Court*, *supra*, 236 Cal.App.4th at pp. 650-652.) If the People had inserted, and defendant had initialed, a provision of the plea agreement to prohibit future changes in the law from affecting defendant's sentence, the People's argument might have validity. Nevertheless, no such express provision prohibiting defendant from benefitting from future changes in the law which would be applied retroactively appear in his plea agreement.

Moreover, defendant has already served the express term of incarceration contained in his plea agreement. The parties agreed defendant would serve a 16-month term of incarceration concurrent to the 51-year-to-life term he was already serving. The court sentenced defendant to the 16-month term of incarceration on September 18, 2013. Assuming defendant was not entitled to any credits against this sentence, defendant had served the entirety of the agreed upon sentence by mid-February 2013. Finally, the People cite no authority for the proposition that a retroactive change in the law which benefits a defendant and affects his plea agreement entitles the People to withdraw the plea agreement and recharge defendant. Thus, the court correctly granted defendant's petition and the People are not entitled to restore the dismissed count and allegations.

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

Acting P. J.

We concur:

MILLER

J.

CODRINGTON

J.