Filed 12/11/15  P. v. Bell CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068256 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD254785) |
| JUAN DUANE BELL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Charles R. Gill, Judge.  Affirmed.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Christine Levingston Bergman and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

In March 2014, Juan Duane Bell entered guilty pleas to five felony counts and one misdemeanor. Specifically, Bell pled guilty to identity theft (Pen. Code,[1] § 530.5, subd. (a)); burglary (§ 459); forgery (§ 476); possession of forged items (§ 475, subd. (a)); forgery-possession of blank/unfinished paper (§ 475, subd. (b)); and misdemeanor identity theft (§ 530.5, subd. (c)(1)). Bell also admitted three prison priors (§ 667.5, subd. (b)) and one serious/violent felony prior conviction (§ 667, subds. (b)-(i)).

The trial court struck the serious/violent felony prior conviction and imposed a two-year four-month prison sentence.

Bell thereafter filed a petition to recall and resentence the burglary conviction pursuant to Proposition 47 (§ 1170.18). He contended his conviction should be reduced to shoplifting under section 459.5, which was created by Proposition 47, becoming effective in November 2014. The People filed opposition and the court, after a hearing, denied the petition.

Bell appeals. He contends the trial court improperly held that he had the burden to show he was eligible for resentencing. Bell argues he only had to state he was eligible and thereafter, the prosecution would have to prove, beyond a reasonable doubt, that he had committed a felony. Bell recognizes that case law from this court has rejected his position. He argues the controlling case was wrongly decided.

Based on our review of the record, Bell was not eligible for resentencing, regardless of how we allocate the burden of proof.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

## STATEMENT OF FACTS

The underlying convictions were the result of a guilty plea. All that is before us of a factual nature are Bell's statement at the change of plea, and the probation report from the original sentencing.

In the change of plea form Bell stated, under oath:

> "[I] unlawfully obtained personal identifying information for two people and used for [sic] an unlawful purpose. I entered a building with the intent to commit theft. I unlawfully attempted to pass a [sic] altered check. I unlawfully forged a check, unlawfully possessed a blank check. I have 3 prison priors and a felony strike prior."

The probation report indicates that Bell entered a grocery store. He attempted to pass a forged check for $1,528.68. Bell also took merchandise in the amount of $289.34.

## DISCUSSION

Bell's petition under section 1170.18 basically alleged he was eligible for resentencing because he entered the building to commit theft. Thus, he contended without reference to the facts that his conviction should be a misdemeanor in light of the newly created crime of shoplifting (§ 459.5) of an amount under $950. He complains that the trial court improperly placed the burden of proof on him to show eligibility. He further complains that the trial court considered the probation officer's report from the original sentencing.

### A. Legal Principles

A person seeking resentencing under section 1170.18 must satisfy the criteria in subdivision (a). If the person satisfies the criteria the person shall have his or her

3

sentence recalled and resentenced to a misdemeanor, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety. (§ 1170.18, subd. (b); *T. W. v. Superior Court* (2015) 236 Cal.App.4th 646, 649, fn. 2 (*T.W.*).)

The newly created crime of shoplifting is defined as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5.)

When a person files a petition for recall and resentencing of an offense covered by section 1170.18, the person must show he or she fits the criteria for resentencing. (§ 1170.18, subd. (b); *T.W., supra*, 236 Cal.App.4th at p. 649, fn. 2.)

In *People v. Sherow* (2015) 239 Cal.App.4th 875 (*Sherow*), this court addressed the appropriate allocation of burdens for section 1170.18 petitions. We said: "As an ordinary proposition: 'A party has the burden of proof as to each fact, the existence or nonexistence of which is essential to the claim for relief or defense he is asserting.' " (*Sherow, supra,* at p. 879; *Vance v. Bizek* (2014) 228 Cal.App.4th 1155, 1163, fn. 3; Evid. Code, § 500.)

We noted that the petition could certainly contain at least the petitioner's testimony about the nature of the items taken. "If he made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination." (*Sherow, supra,* 239 Cal.App.4th at p. 880.) The count at issue in the case is the burglary count. Burglary involves the unlawful entry accompanied by the intent to commit grand

4

or petit theft *or any felony*. (§ 459; *People v. Montoya* (1994) 7 Cal.4th 1027, 1041; *People v. Lawrence* (2000) 24 Cal.4th 219, 232-233.) A person can be liable for burglary done with the intent to commit theft or a felony, regardless of whether the felony ultimately committed is different from that which was contemplated at the time of entry. In short, the relevant intent for burglary is the one which existed at the time of entry, not one which may have developed later. (*Montoya, supra*, at pp. 1041-1042.)

Finally, it is necessary to discuss the distinction between larceny and theft by false pretenses. Section 459.5 contemplates entry into a commercial establishment with the intent to commit larceny. As the courts have discussed, the crime of false pretenses is a form of theft. That crime involves a (1) false pretense or representation, (2) done with the intent to defraud and (3) the owner transferred the property to the defendant in reliance on the representation. (*People v. Williams* (2013) 57 Cal.4th 776, 787.) On the other hand, larceny is a trespassory taking and carrying away of property of another with the intent to steal. Asportation is not required for theft by false pretenses. (*Id.* at p. 788.)

## B. Analysis

Central to Bell's contentions is the idea that the prosecution should have to prove noneligibility beyond a reasonable doubt. Thus he argues the trial court should be limited to the record of conviction as defined in *People v. Guerrero* (1988) 44 Cal.3d 343, a case involving proof of an alleged prior conviction in a criminal trial. Bell contends the court should not have reviewed the probation report, which was used by the court at the original sentencing several months earlier. We disagree with the basic premise of Bell's argument, as we did in *Sherow, supra*, 239 Cal.App.4th 875. The process contemplated

5

by section 1170.18, plainly contemplates that the petitioner will first show he or she fits the criteria for resentencing. (§ 1170.18, subd. (b); *T.W.*, *supra*, 236 Cal.App.4th at p. 649, fn. 2.) Bell has not shown he is eligible for resentencing on the burglary count.

Even if we considered only the change of plea form, Bell would not be eligible for resentencing. In his plea he stated that he entered the store with at least two separate criminal intents. First, he intended to steal merchandise, thus an intent to commit theft by larceny. Second, he intended to pass a forged check, both the felonies of forgery and theft by false pretenses. (*People v. Williams, supra*, 57 Cal.4th at pp. 787-788.)

As we have discussed the intent required for burglary is an intent to commit theft, or any felony. Thus, at the time of entry, by Bell's own admission, his intent was not limited to larceny of merchandise. The entry with the intent expressed by Bell, is not "shoplifting" as defined in section 459.5.

Of course, we do not agree with Bell's position that we can only consider his plea statement. The trial court could reasonably consider the previous probation report. Section 1170.18 contemplates a resentencing. It is illogical to conclude that the trial court, considering resentencing, could not review the matters properly considered at the first sentencing. Our difference with Bell's position is that the petition for resentencing is not a trial de novo. The petitioner has been convicted and is now seeking relief based upon a law change after the conviction. The record of prior proceedings is not being used as part of the prosecutor's case to prove a prior conviction that has been pled in the information. We are satisfied the court properly considered the probation officer's report.

6

The totality of the record demonstrates this burglary was not "shoplifting" within the meaning of section 459.5. The existence of an intent to commit the felonies of forgery and theft by false pretenses, in addition to the intent to steal goods by way of larceny, takes this case outside the scope of resentencing under section 1170.18.

DISPOSITION

The order denying recall and resentencing under section 1170.18 is affirmed.


HUFFMAN, J.

WE CONCUR:


O'ROURKE, J.


PRAGER, J.*

---

*    Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.