Filed 3/24/16  P. v. Smith CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH EARL SMITH,<br><br>    Defendant and Appellant. | B265037<br>(Los Angeles County<br>Super. Ct. No. A704421-01) |

APPEAL from an order of the Superior Court of Los Angeles County. David B. Gelfound, Judge. Affirmed.

Joseph Earl Smith, in pro. per.; Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

In 1986, appellant Joseph Earl Smith pled guilty to one count of robbery (Pen. Code, § 211).[1]  On March 26, 2015, he filed a petition asking that his felony sentence be redesignated a misdemeanor under section 1170.18.[2]  On May 29, 2015, the court denied the petition, stating in its order that due to the nature of appellant's offense, he "d[id] not qualify for the requested relief."  Appellant filed a notice of appeal.

## DISCUSSION

After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  On December 14, 2015, we sent a letter to appellant's last known address, advising him that he had 30 days within which to submit by brief or letter any contentions or argument he wished this court to consider.  We received a response in which appellant contended robbery is one of the offenses eligible for resentencing and redesignation under Proposition 47.

This court has examined the entire record, and is satisfied that no arguable issues exist.  Section 1170.18 "makes certain drug- and theft-related offenses misdemeanors" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091), and "provides a mechanism by which a person currently serving a felony sentence for an offense that is now a misdemeanor, may petition for a recall of that sentence and request resentencing in accordance with the offense statutes as added or amended by Proposition 47.  [Citation.]"  (*T.W. v. Superior Court*, *supra*, 236 Cal.App.4th at p. 650, fn. 2.)  It also permits "persons who have completed felony

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Section 1170.18 was enacted as part of the initiative known as Proposition 47, "'the Safe Neighborhoods and Schools Act,'" and governs petitions for resentencing under that act.  (See *T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 650, fn. 2.)

sentences for offenses that would now be misdemeanors under Proposition 47" to "file an application with the trial court to have their felony convictions 'designated as misdemeanors.'" (*People v. Rivera*, *supra*, 233 Cal.App.4th at p. 1092, quoting § 1170.18, subd. (f).) Proposition 47 "added sections 459.5 [shoplifting], 490.2 [petty theft] and 1170.18 to the Penal Code; amended sections 473 [forgery related to checks, bonds, bank bills, notes, etc.], 476a [non sufficient funds checks, drafts or bank orders], 496 [receipt of stolen property] and 666 [petty theft with a prior] of the Penal Code; and amended Health and Safety Code sections 11350 [possession of designated controlled substances], 11357 [possession on school grounds] and 11377 [unauthorized possession of controlled substance]." (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308; accord, *People v. Rivera*, *supra*, 233 Cal.App.4th at p. 1091; see § 1170.18, subd. (a).) Resentencing and redesignation are available only where a defendant has been convicted of one of the specified offenses. Appellant is ineligible for redesignation because he was convicted of robbery (§ 211), which is not one of the offenses within the scope of Proposition 47.

Appellant refers us to section 666, which contains the word "robbery" and was amended by Proposition 47. The amendment merely modified the circumstances under which the trial court may impose a felony sentence on a defendant convicted of petty theft with a prior; it did not result in robbery becoming one of the offenses for which resentencing or redesignation is permitted. (See *People v. Murphy* (2001) 25 Cal.4th 136, 155 ["Section 666 . . . establishes an alternate and elevated penalty for a petty theft conviction when a recidivist defendant has served a prior term in a penal institution for a listed offense."].) Because appellant's prior conviction was for robbery the trial court properly found him ineligible for relief.

Appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the order denying his petition in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278.)

**DISPOSITION**

The order denying the petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, J.

We concur:

EPSTEIN, P. J.

WILLHITE, J.