Filed 4/25/16  P. v. Gallegos CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B264707 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA082091) |
| v. | |
| MICHAEL A. GALLEGOS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard A. Stone, Judge.  Affirmed.

Laini Millar Melnick, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Michael A. Gallegos appeals from the denial of his petition to recall his sentence under Proposition 47 (Pen. Code, § 1170.18),[1] which reduced certain theft-related and drug-related felonies to misdemeanors.[2] Appellant's counsel on appeal filed a *Wende* brief (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*)) requesting that we conduct an independent review of the record. We have done so and conclude that no arguable issues exist. Accordingly, we affirm.

## BACKGROUND[3]

Appellant was sentenced to a term of five years for second degree commercial burglary (§ 459), to be served concurrently with a term imposed for possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)). In December 2014, appellant filed a petition under section 1170.18 to reduce his burglary and controlled substance convictions to misdemeanors. Appellant also filed a petition for writ of habeas corpus seeking reduction of his convictions to misdemeanors and resentencing under Proposition 47.

On January 2, 2015, the trial court granted appellant's petition under section 1170.18 to reduce the controlled substance sentence to one year, time served. On March 23, 2015, the court denied appellant's petition to reduce the burglary

---

[1]     Further unspecified statutory references are to the Penal Code.

[2]     "Section 1170.18 provides a mechanism by which a person currently serving a felony sentence for an offense that is now a misdemeanor, may petition for a recall of that sentence and request resentencing in accordance with the offense statutes as added or amended by Proposition 47. (§ 1170.18, subd. (a).)" (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 649, fn. 2.)

[3]     The record does not contain a preliminary hearing transcript, probation report, or any other document setting forth the facts of the underlying convictions.

conviction on the ground that the establishment was "only open to the people who rent the facility" and thus was not open during regular business hours.[4]

In May 2015, appellant filed a "petition for appeal," arguing that the court erred in denying his petition to reduce the burglary conviction. On July 10, 2015, the trial court issued a minute order denying appellant's petition for writ of habeas corpus. On September 16, 2015, the court issued another minute order, stating that it had "read and considered" a letter submitted by appellant apparently raising the sentencing issue again. The court explained that, "when two sentences are served concurrently, and one sentence is vacated for any reason, the second sentence remains in full force and effect. The second sentence must be served even if the first sentence is not served. Concurrent sentences frequently have different lengths." The court stated, "This is why defendant remains in custody even though one of his two sentences is completed."

## DISCUSSION

After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to the holding of *Wende*. On November 9, 2015, we advised appellant that he had 30 days within which to submit any contentions or issues that he wished us to consider. No response has been received to date.

---

**4** Under Proposition 47, second degree burglary can be reduced to shoplifting, which is defined as "entering a commercial establishment with intent to commit larceny *while that establishment is open during regular business hours*, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (*People v. Contreras* (2015) 237 Cal.App.4th 868, 890, italics added.)

We have independently reviewed the record and conclude that there are no arguable issues on appeal. (See *Wende*, *supra*, 25 Cal.3d at pp. 441–442; see also *Smith v. Robbins* (2000) 528 U.S. 259, 278-279 [upholding the *Wende* procedure].)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, Acting P. J.


We concur:




MANELLA, J.




COLLINS, J.

4