Filed 5/17/16  P. v. Fontaine CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARCOS RICHARD FONTAINE,<br><br>    Defendant and Appellant. | B262961<br><br>(Los Angeles County<br>Super. Ct. No. SA059318) |

APPEAL from an order of the Superior Court of Los Angeles County, Lauren Weis Birnstein, Judge.  Affirmed.

Edward J. Haggerty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

Appellant Marcos Richard Fontaine appeals from an order denying his petition for a recall of sentence after the trial court sentenced him following his conviction by jury for first degree burglary.  (Pen. Code, §§ 459, 460, subd. (a), 1170.18, subd. (a).)  We affirm the order denying appellant's petition for a recall of sentence.

## FACTUAL and PROCEDURAL SUMMARY

On January 4, 2007, an amended information alleged that on or about July 27, 2004, appellant committed first degree burglary. The amended information also alleged a person was present in the residence for purposes of Penal Code section 667.5, subdivision (c)(21), making the offense a violent felony. The amended information further alleged, inter alia, appellant suffered eight prior felony convictions for purposes of the Three Strikes law, two prior serious felony convictions (Pen. Code, § 667, subd. (a)(1)), and six prior felony convictions for which he served separate prison terms (Pen. Code, § 667.5, subd. (b)). The February 2, 2007 minute order reflects that, on that date, a jury convicted appellant of first degree burglary, and found true the Penal Code section 667.5, subdivision (b) allegation.[1]

On January 11, 2015, appellant served on the Los Angeles County District Attorney (DA) (and at some point lodged with the trial court), a petition for a recall of sentence pursuant to Penal Code section 1170.18, subdivision (a)[2] (hereafter, petition). The petition alleged appellant was currently serving a sentence in the "Correctional Training Facility" for a violation of Penal Code section 459, and that the amount in question was not more than $950. On January 27, 2015, the DA responded, stating appellant was ineligible for the relief requested because appellant had been convicted of residential burglary.

---

[1] The record does not reflect whether the various prior conviction allegations were or were not found true (whether by jury or by the court) or whether those allegations were or were not admitted by appellant. The record reflects appellant's probation and sentencing hearing was scheduled for March 2, 2007, but does not reflect any disposition.

[2] Penal Code section 1170.18, subdivision (a), states, "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

On January 30, 2015, the trial court denied the petition on the ground appellant had been convicted of residential burglary and was therefore ineligible for relief. On March 24, 2015, appellant filed a notice of appeal.

## *CONTENTIONS*

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record.

By notice filed January 27, 2016, the clerk of this court advised appellant to submit within 30 days any contentions, grounds of appeal, or arguments he wished this court to consider. No response has been received to date.

## *REVIEW ON APPEAL*

" 'On November 4, 2014, the voters enacted Proposition 47, "the Safe Neighborhoods and Schools Act" (hereafter Proposition 47), which went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).)' " (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 649, fn. 2 (*T.W.*).) "Section 1170.18 'was enacted as part of Proposition 47.' " (*Ibid.*)

"Section 1170.18 provides a mechanism by which a person currently serving a felony sentence for an offense *that is now a misdemeanor*, may petition for a recall of that sentence and request resentencing in accordance with the *offense statutes as added or amended by Proposition 47*. ([Pen. Code,] § 1170.18, subd. (a).) A person who satisfies the criteria in subdivision (a) of section 1170.18, shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (*Id.*, subd. (b).)" (*T.W., supra,* 236 Cal.App.4th at p. 649, fn. 2, italics added.) "The initiative [Proposition 47] . . . added sections 459.5, 490.2 and 1170.18 to the Penal Code; amended sections 473, 476a, 496 and 666 of the Penal Code; and amended Health and Safety Code sections 11350, 11357 and 11377." (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308.)

It is clear from the record in this case that any sentence appellant was currently serving was for the felony of first degree burglary (Pen. Code, §§ 459, 460, subd. (a)). That crime is not listed in Penal Code section 1170.18, subdivision (a), nor was Penal Code section 459 added or amended by Proposition 47. It is thus not true that "[a] person currently serving a sentence for a conviction . . . of a felony [of first degree burglary] . . . would have been guilty of a *misdemeanor* under the act that added this section ('this act') had this act been in effect at the time of the offense." (Pen. Code, § 1170.18, subd. (a), italics added.) Proposition 47 left the offense of first degree burglary unchanged, and that offense is a felony. (Pen. Code, §§ 17, subd. (a), 459, 460, subd. (a), 461, former subd. 1, now subd. (a).) The trial court properly denied appellant's Penal Code section 1170.18, subdivision (a) petition for a recall of sentence.

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*People v. Wende* (1979) 25 Cal.3d 436, 443; *Smith v. Robbins* (2000) 528 U.S. 259, 278-284.)

## *DISPOSITION*

The order denying appellant's petition for a recall of sentence is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


HOGUE, J. [*]

We concur:


EDMON, P. J.


ALDRICH, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.