Filed 7/29/20

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SIMON KING,<br><br>    Defendant and Appellant. | D076258<br><br><br>(Super. Ct. No. SCN249372) |

APPEAL from an order of the Superior Court of San Diego County, Daniel B. Goldstein, Judge.  Affirmed.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

Simon King appeals from an order denying his petition for recall of sentence pursuant to Penal Code section 1170.91, subdivision (b),[1] which provides for resentencing of military members or veterans suffering from certain mental health and substance abuse problems as a result of military service if they were sentenced to a determinate term prior to January 1, 2015, and the sentencing court did not consider the mental health and substance abuse problems as factors in mitigation. King contends that the trial court erred in summarily denying his petition without holding a hearing, which he contends was the procedure required by statute. Specifically, section 1170.91, subdivision (b)(3) provides, "Upon receiving a petition under this subdivision, the court shall determine, at a public hearing held after not less than 15 days' notice to the prosecution, the defense, and any victim of the offense, whether the person satisfies the criteria in this subdivision" for recall of sentence and resentencing.

Assuming without deciding that a hearing was required in the circumstance of King's petition, we deny relief because the failure to hold a hearing was not prejudicial. King is plainly ineligible for relief under section 1170.91, subdivision (b). King agreed to a stipulated sentence for a term of years in 2009, and the trial court accordingly would have no discretion on resentencing to depart from the stipulated sentence regardless of King's mental health and substance abuse problems.

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2009, an amended information alleged that King committed 30 counts of physical and sexual abuse against two stepchildren. Specifically, the amended information alleged seven counts of lewd acts upon a child under the age of 14 (§ 288, subd. (a)); three counts of sexual intercourse/sodomy with a child 10 years of age or younger (§ 288.7, subd. (a)); two counts of oral copulation/sexual penetration with a child 10 years of age or younger (§ 288.7, subd. (b)); one count of aggravated sexual assault of a child (§ 269, subd. (a)); one count of felony child abuse (§ 273a, subd. (a)); one count of forcible rape (§ 261, subd. (a)(2)); one count of assault with a deadly weapon (§ 245, subd. (a)(1)); two counts of employment of a minor to perform prohibited acts (§ 311.4, subd. (c)); one count of sending harmful matter with the intent of seducing a minor (§ 288.2, subd. (a)); six counts of possessing matter depicting children engaged in sexual conduct (§ 311.11, subd. (a)); and five counts of forcible lewd acts upon a child (§ 288, subd. (b)(1)). For certain of the counts, it was alleged that King committed the offenses against more than one victim. (§ 667.61, subds. (b), (c), (e).)

King pled guilty to five counts of forcible lewd acts upon a child (§ 288, subd. (b)(1)), and the People dismissed the remainder of the counts. As part of the plea agreement, the parties agreed to a stipulated sentence of 30 years in prison. The 30-year sentence was comprised of six-year terms for each of the five counts. On January 25, 2010, the trial court sentenced King to a prison term of 30 years in accordance with the

3

stipulated sentence.  At the hearing, the trial court stated, "It is a stipulated plea.  I don't need to make any findings."

On June 10, 2019, representing himself in pro per, King filed a petition to recall his sentence pursuant to section 1170.91, subdivision (b).  In support, King submitted a declaration and attached evidence to establish that he had served in the military.  According to King, "[d]uring the course of [his] service, he experienced a violent attack that resulted in traumatic brain injury, . . . became dependent on substance abuse" and "experienced service related trauma that was later diagnosed as 'PTSD.' "

On June 28, 2019, the trial court summarily denied the petition without holding a hearing.  King filed a notice of appeal from the order denying the petition.

II.

DISCUSSION

When the Legislature first enacted section 1170.91, effective January 1, 2015, it contained a single paragraph creating a requirement that a sentencing court consider mental health and substance abuse problems stemming from military service as a mitigating factor when imposing a determinate term under section 1170, subdivision (b).  (Stats. 2014, ch. 163, § 2.)  Specifically, the statute provided, "If the court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service, the court shall consider the circumstance as a factor in mitigation when imposing a term under subdivision (b) of Section 1170."  (Former § 1170.91 [now

4

identified as § 1170.91, subd. (a)].) As relevant here, section 1170.91 required the trial court to consider mental health and substance abuse problems as factors in mitigation *only* "when imposing a term under subdivision (b) of Section 1170." (Former § 1170.91 [now identified as § 1170.91, subd. (a)].) That provision describes the trial court's exercise of sentencing discretion to choose an upper, middle or lower determinate term based on factors in mitigation and aggravation.[2] (§ 1170, subd. (b).)

In 2018, the Legislature amended section 1170.91 to provide relief for former or current members of the military who were sentenced before January 1, 2015, and did not have their mental health and substance abuse problems considered as factors in mitigation during sentencing. (Stats. 2018, ch. 523, § 1.) Section 1170.91, subdivision (b)(1) provides, in relevant part:

> "A person currently serving a sentence for a felony conviction, whether by trial or plea, who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service may petition for a recall of sentence, before the trial court that entered the judgment of conviction in his or her case, to request

_____

[2] Section 1170, subdivision (b) states, in relevant part, "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court. At least four days prior to the time set for imposition of judgment, either party or the victim, or the family of the victim if the victim is deceased, may submit a statement in aggravation or mitigation. In determining the appropriate term, the court may consider the record in the case, the probation officer's report, other reports, including reports received pursuant to Section 1203.03, and statements in aggravation or mitigation submitted by the prosecution, the defendant, or the victim, or the family of the victim if the victim is deceased, and any further evidence introduced at the sentencing hearing. The court shall select the term which, in the court's discretion, best serves the interests of justice. The court shall set forth on the record the reasons for imposing the term selected . . . ."

resentencing pursuant to subdivision (a) if the person meets both of the following conditions:

"(A) The circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing.

"(B) The person was sentenced prior to January 1, 2015." (§ 1170.91, subd. (b)(1).)

With respect to the procedure that a court should follow in considering a petition for relief under section 1170.91, subdivision (b)(1), the statute states, "Upon receiving a petition under this subdivision, the court shall determine, at a public hearing held after not less than 15 days' notice to the prosecution, the defense, and any victim of the offense, whether the person satisfies the criteria in this subdivision. At that hearing, the prosecution shall have an opportunity to be heard on the petitioner's eligibility and suitability for resentencing. If the person satisfies the criteria, the court may, in its discretion, resentence the person following a resentencing hearing." (§ 1170.91, subd. (b)(3).)

King was sentenced prior to January 1, 2015, and he represents that he suffers from mental health and substance abuse problems stemming from military service. Accordingly, King filed a petition, relying on section 1170.91, subdivision (b)(1), to obtain a recall of his sentence and resentencing so that the court could consider his mental health and substance abuse problems as factors in mitigation when imposing sentence. As we have explained, the trial court did not hold a public hearing pursuant to section 1170.91, subdivision (b)(3) to determine whether King satisfied the applicable

6

criteria. Instead, it summarily denied the petition in a written order and did not provide any basis for its denial.

King seeks reversal on the ground that the trial court violated the procedural requirements of section 1170.91, subdivision (b)(3) when it failed to hold a hearing before denying the petition. (See *People v. Bonilla-Bray* (2020) 49 Cal.App.5th 234 [trial court erred in summarily denying petition to recall sentence under § 1170.91 without a hearing].) The People contend that a hearing was not required under the unique circumstances of King's case, as he is disqualified from any relief by virtue of having entered into a stipulated sentence for a 30-year prison term in 2009. The People also contend that in the event the trial court did err in failing to hold a hearing, the error was not prejudicial.

We need not, and do not, decide whether the trial court was required to hold a hearing on King's petition rather than entering a summary denial. As we will explain, even if we assume that the trial court erred by failing to hold a hearing, King is not entitled to relief on his appeal because the error, if any, was not prejudicial.

We must first determine the standard that applies in determining whether the trial court's error, if any, was prejudicial. The California Constitution states that "[n]o judgment shall be set aside . . . in any cause, . . . for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (Cal. Const., art. VI, § 13.) Our Supreme Court has explained that "a 'miscarriage of justice' should be declared only when the court . . . is of the 'opinion' that

7

it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*People v. Watson* (1956) 46 Cal.2d 818, 836.) Here, any error in failing to hold a hearing on King's petition would be a state-law procedural error. We therefore proceed by considering whether it is reasonably probable that King would have obtained a more favorable result had the trial court held a hearing.

As we will explain, even if the trial court held a hearing on King's petition, because King agreed to a stipulated sentence for a term of years, which is now final, there is no reasonable probability of a more favorable result.

The relief afforded to an eligible petitioner under section 1170.91, subdivision (b)(1) is a resentencing hearing during which the trial court "shall" take into account the defendant's mental health and substance abuse problems "when imposing a term under subdivision (b) of Section 1170." (§ 1170.91, subd. (a).) As relevant here, the statute expressly states that a resentencing hearing is available to a defendant who was sentenced after entering into a plea. (§ 1170.91, subd. (b)(1) ["A person currently serving a sentence for a felony conviction, *whether by trial or plea . . .* may petition for a recall of sentence," italics added.].) Thus, King is not precluded from obtaining relief under section 1170.91, subdivision (b) merely because he entered into a plea agreement. However, King did not only enter into a plea. Unlike a defendant who enters into an open plea, King also agreed to a specific prison term of 30 years, comprised of six-year consecutive sentences for each of the five counts.

When a defendant who enters into a plea also agrees to a stipulated sentence, upon accepting the plea, the trial court may not proceed as to the plea other than as specified in

8

the plea.  " ' "While no bargain or agreement can divest the court of the sentencing discretion it inherently possesses [citation], a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain.  [Citation.]  'A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound.'  [Citations.]  Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly.  [Citation.]  Once the court has accepted the terms of the negotiated plea, '[it] lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree.' " ' "  (*People v. Stamps* (2020) 9 Cal.5th 685, 701 (*Stamps*).)

Accordingly, because King entered into a plea, which included a stipulated sentence for a term of 30 years, even if the trial court granted relief under the petition by recalling King's sentence and holding a new sentencing hearing, it would be precluded from considering King's mental health and substance abuse problems in mitigation and imposing a lesser prison sentence when sentencing King.  Instead, based on the plea agreement, which remains in force, the trial court would still be required to impose the stipulated sentence of 30 years in prison.  Therefore, King would not be able to obtain any relief in the form of a reduced sentence under section 1170.91, subdivision (b).

Another way to understand the lack of relief available to King under section 1170.91, subdivision (b) is to focus on the language of the statute itself.  A petitioner who meets the requirements set forth in section 1170.91, subdivision (b) obtains the remedy of "resentencing pursuant to subdivision (a)."  (§ 1170.91,

9

subd. (b)(1).)  Subdivision (a) provides that the trial court shall take into account the defendant's mental health and substance abuse problems "*when imposing a term under subdivision (b) of Section 1170.*" (§ 1170.91, subd. (a)), italics added.)  A trial court that sentences under subdivision (b) of section 1170, exercises its discretion to choose an upper, middle or lower determinate term based on its consideration of factors in mitigation and aggravation.  However, when a trial court sentences a defendant who has agreed to a stipulated sentence for a term of years, the trial court exercises no discretion to decide between an upper, middle and lower term and may not consider factors in mitigation and aggravation.  Therefore, the trial court is not "imposing a term under subdivision (b) of Section 1170." (§ 1170.91, subd. (a).)  As a result, a petitioner, like King, who agreed to a stipulated sentence for a specific prison term cannot obtain the relief afforded under section 1170.91, subdivision (b)(1), as that petitioner cannot be resentenced under subdivision (b) of Section 1170 to an upper, middle or lower term based on factors in mitigation and aggravation.

In his reply brief, King relies on case law interpreting the recall and resentencing procedure provided by Proposition 47.  (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646.)  Proposition 47 reclassified certain felonies as misdemeanors and provided that, with certain exceptions, a person serving a sentence based on a conviction for a felony that is now reclassified as a misdemeanor can petition for recall of sentence and obtain resentencing based on the new misdemeanor classification, even if the person was convicted pursuant to a plea agreement.  Section 1170.18, subdivision (a), provides that a person serving a sentence for a conviction "*whether by trial or plea,* of a felony or

10

felonies who would have been guilty of a misdemeanor . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing." (§ 1170.18, subd. (a), italics added.)  If the petitioner satisfies the relevant criteria "the petitioner's felony sentence *shall* be recalled and the petitioner resentenced to a misdemeanor" pursuant to the applicable provisions "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."  (§ 1170.18, subd. (b), italics added.)  Our Supreme Court has determined that, based on the statutory language and evidence of the electorate's intent in adopting Proposition 47, a defendant who agreed to a stipulated sentence as part of a plea agreement is eligible for resentencing to a misdemeanor sentence, and the People have no right to withdraw from the plea agreement and reinstate the original charges.  (*Harris v. Superior Court* (2016) 1 Cal.5th 984, 993.)

King argues that because a defendant who agreed to a stipulated sentence *is* eligible for recall of sentence and resentencing under Proposition 47, the same rule should apply in this case, where he seeks recall of sentence and resentencing under section 1170.91, subdivision (b)(1).  King points specifically to that fact that both Proposition 47 and section 1170.91, subdivision (b)(1) state that relief is available to a person serving a sentence for a conviction "*whether by trial or plea*" (§§ 1170.91, subd. (b)(1), 1170.18, subd. (a), italics added.)  According to King, because of the similarity in language, a defendant who entered into a plea agreement with a stipulated sentence should be able to obtain recall of sentence and resentencing under

11

section 1170.91, subdivision (b)(1), just as under Proposition 47. However, as we will explain, King's attempt to rely on Proposition 47 fails because of fundamental differences in the type of relief provided to a petitioner under section 1170.91, subdivision (b)(1).

Under Proposition 47, any eligible person, even if convicted by plea, is entitled to obtain a recall of sentence and to be resentenced to a misdemeanor. As the statute provides, unless public safety is a concern, "the petitioner's felony sentence *shall* be recalled and the petitioner resentenced to a misdemeanor." (§ 1170.18, subd. (b), italics added.) Thus, under Proposition 47, the relief to be afforded to a petitioner serving a stipulated sentence is straightforward and easily applied. As the statute mandates, a petitioner's stipulated sentence will be recalled, and the petitioner will then be resentenced to the applicable misdemeanor sentence. In contrast, the relief afforded to a petitioner under section 1170.91, subdivision (b)(1) is a new sentencing hearing at which mental health and substance abuse problems are to be considered as factors in mitigation by the court "when imposing a term under subdivision (b) of Section 1170." (§ 1170.91, subd. (a).) Although any eligible person who was convicted by plea can seek resentencing under section 1170.91, subdivision (b)(1), just as under Proposition 47, at a resentencing hearing for a petitioner serving a stipulated prison sentence for a specific term of years under section 1170.91, subdivision (b)(1) the trial court would not be able to afford any relief to that person. Based on the rule that the trial court is not permitted to diverge from the stipulated sentence agreed upon by the parties and approved, as a final matter, by the court (*Stamps*, *supra*, 9 Cal.5th at p. 701), the trial court considering a petition for resentencing under section 1170.91, subdivision (b)(1), is simply unable to

12

take into account *any* factors in mitigation to diverge from the stipulated sentence for a specific prison term agreed upon in the plea agreement.

In arguing that he should not be precluded from seeking relief by virtue of the specific terms of his plea agreement, King also cites *Doe v. Harris* (2013) 57 Cal.4th 64 (*Doe*). Specifically, King points to the following rule set forth in *Doe*: "that the parties enter into a plea agreement . . . does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them." (*Id*. at p. 66; see also § 1016.8, subd. (a)(1) [codifying *Doe*, by declaring as law "[t]hat the parties enter into a plea agreement does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them"].) However, King's reliance on *Doe* does not advance his argument. *Doe* merely states that changes in the law apply even to a defendant who entered into a plea agreement *if* the Legislature intended the change to apply to that defendant. As we have explained, it is clear from the statutory language itself that the Legislature cannot have intended the resentencing relief that it enacted in section 1170.91, subdivision (b)(1) to apply to petitioners who, like King, were sentenced according to a stipulated sentence for a term of years rather than according to the trial court's exercise of discretion to choose between an upper, middle and lower term based on factors in mitigation and aggravation. Even if such a petitioner were afforded resentencing, the trial court would have no discretion to depart from the stipulated sentence for a specific prison term by considering any factors in mitigation, as the trial court is not "imposing a term under subdivision (b) of Section 1170." (§ 1170.91, subd. (a).)

Because King is not eligible for relief under section 1170.91, subdivision (b), any error by the trial court in failing to hold a hearing to consider King's petition was not prejudicial and did not result in a miscarriage of justice. King has therefore not established reversible error.

## DISPOSITION

The order denying King's petition to recall his sentence is affirmed.


IRION, J.

WE CONCUR:


HALLER, Acting P. J.


O'ROURKE, J.

14